IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK KEITH HIRT,                        3:16-cv-02143-BR

           Plaintiff,                      OPINION AND ORDER

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social
Security Administration,

           Defendant.

**PATRICK KEITH HIRT**
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, OR 97741

           Plaintiff, *Pro se*

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1]  On January 23, 2017, Nancy A. Berryhill was appointed the
Acting Commissioner of Social Security and pursuant to Federal
Rule of Civil Procedure 25(d) is substituted as the Defendant in
this action.

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MARTHA A. BODEN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2936

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Patrick Keith Hirt seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff previously filed for SSI and was found disabled by an Administrative Law Judge on June 23, 2000. Tr. 74-85.[2] Plaintiff's benefits were terminated on July 1, 2004, when he was convicted of a felony and incarcerated. Tr. 90.

Plaintiff protectively filed this application for SSI on

---

[2] Citations to the official transcript of record filed by the Commissioner on May 25, 2017, are referred to as "Tr."

January 16, 2013.  Tr. 19.  Plaintiff initially alleged a disability onset date of January 16, 2013, in his application. Tr. 19.  At the hearing on April 13, 2015, Plaintiff amended his alleged disability onset date to June 13, 2013.  Tr. 19, 42. Plaintiff's application was denied initially and on reconsideration.

An Administrative Law Judge (ALJ) held a hearing on April 13, 2015.  Tr. 19, 36-69.  Plaintiff testified at the hearing.  Although Plaintiff was represented by an attorney at the hearing, he is not represented by counsel in this action.  A Vocational Expert (VE) was present at the hearing, but he did not testify.

On August 7, 2015, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 19-30.  On September 8, 2015, Plaintiff requested review by the Appeals Council.  Tr. 14.  On August 22, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 7, 2016, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's final decision.

## BACKGROUND

Plaintiff was born on July 4, 1966.  Tr. 28.  Plaintiff was 48 years old at the time of the hearing.  Plaintiff has limited education.  Tr. 28.  The ALJ found Plaintiff did not have any past relevant work experience.  Tr. 28.

Plaintiff alleges disability due to anxiety disorder, mood disorder, irritable bowel syndrome, depression, personality disorder, and Hepatitis C.  Tr. 87.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-29.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d

881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec.
Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial
evidence is "relevant evidence that a reasonable mind might
accept as adequate to support a conclusion." *Molina*, 674 F.3d.
at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574
F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla
[of evidence] but less than a preponderance. *Id.* (citing
*Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th
Cir. 2009). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the

Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

## I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden,

the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since January 16, 2013, his application date.  Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of depressive disorder; borderline personality disorder; personality disorder, NOS with antisocial, "avoidant," and self-defeating traits; and bipolar affective disorder. Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 22-24.  The ALJ found Plaintiff has the RFC to perform a full range of work "at all exertional levels with nonexertional limitations."  The ALJ found Plaintiff is able to perform complex or detailed tasks for only one-third of a work day; can have occasional changes in daily work tasks or work settings; and is limited to minimal (no more than 15% of a work day) verbal interactions with coworkers, supervisors, or the general public.  Tr. 23.

At Step Four the ALJ concluded Plaintiff's transferability of job skills is not an issue because Plaintiff does not have any

past relevant work.  Tr. 28.

At Step Five the ALJ found Plaintiff could perform other work in the national economy based on Plaintiff's age, education, work experience, and RFC.  Tr. 28-29.  The ALJ cited the following examples of jobs identified by the VE:  housekeeping cleaner, stores laborer, marker, and janitor.  Tr. 29.  Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 29-30.


**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) failed to develop the record fully, (2) found Plaintiff's testimony not credible, (3) failed to properly evaluate the opinions of Plaintiff's treatment providers, and (4) improperly relied on VE testimony at Step Five.  Plaintiff also contends the Appeals Council improperly denied his request for review of the ALJ's decision.

The Commissioner contends the record supports the ALJ's determination in all respects, and, therefore, the Court should affirm the Commissioner's decision.

**I.  The ALJ did not fail to develop the record fully.**

Plaintiff contends the ALJ erred when he denied Plaintiff's claim based on an incomplete record.  Plaintiff contends the ALJ failed to develop the record adequately by specifically failing

to obtain medical records that "span the bulk of the claim period involving multiple healthcare providers."

The Commissioner, in turn, contends the ALJ fulfilled his duty to develop the record when he held the record open for Plaintiff to submit further evidence following the hearing and subsequently considered the additional evidence submitted by Plaintiff.

### A.    Standards

The ALJ has an independent duty to develop the record fully and fairly regardless whether the claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1283 (9th Cir. 1996). The ALJ's duty to develop the record fully is heightened, however, when a claimant is not represented by counsel. *Celeya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003). The ALJ's duty to develop the record is only triggered when "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). *See also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010). When evidence requested by the ALJ is made part of the record, the ALJ does not have a duty to inquire further and the ALJ is deemed to have conducted a "full and fair hearing" as required. *Chaudhry v. Astrue*, 688 F.3d 661, 669 (9th Cir. 2012).

**B. Analysis**

At the hearing Plaintiff's attorney at the time advised the ALJ that there were additional records from Piyush Tiwari, M.D., a psychiatrist who treated Plaintiff on six occasions at the Mental Health Kokua Clinic. Tr. 39-40. The ALJ held the record open for receipt of this evidence. Some time after the hearing Plaintiff submitted treatment notes from Dr. Tiwari for the period from October 2014 through January 2015. Tr. 510-21. The ALJ considered those records when he made his disability determination. Tr. 26.

The record also contains the following: Montana State Prison records from December 2010 to January 2013 (Tr. 320-42); a psychological consultative examination by Mark Mozer, Ph.D., dated April 2013 (Tr. 343-52); records from Aloha House Mental Health Clinic for treatment by Royal Randolph, Jr., M.D., on June 13, 2013 (Tr. 353-56); records from Malama I Ke Ola Health Center dated June to October 2013 (Tr. 357-63, 378-437); a psychological evaluation by Kathleen M. McNamara, Ph.D., dated February 2014 (Tr. 366-71); a consultative examination report by Antoine Cazin, M.D., dated March 2014 (Tr. 372-77); and treatment notes from Hilo Bay Psychotherapy Clinic dated October 2014 to January 2015 (Tr. 438-509).

Plaintiff alleges a disability onset date of June 13, 2013, and it appears the ALJ had records for the period

from October 2010 through January 2015.  The record reflects the ALJ considered these records when he made his decision, including, as noted, the records submitted by Plaintiff during the "open period" after the hearing.

On this record the Court concludes the ALJ fulfilled his duty to develop the record fully and to conduct a full and fair hearing.

## II.  The ALJ did not err when he found Plaintiff's testimony was not fully credible.

Plaintiff contends the ALJ erred when he found Plaintiff's testimony was not fully credible based on inconsistencies between Plaintiff's activities of daily living and his alleged disabilities.

The Commissioner contends the ALJ provided clear and convincing reasons for finding Plaintiff's testimony not entirely credible.

### A.  Standards

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment and must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of

the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

**B.  Analysis**

The ALJ concluded Plaintiff's testimony was not entirely credible based on inconsistencies in his testimony. Tr. 24-28.

At the hearing Plaintiff testified his mental health was "too unstable," he went through "serious ups and downs," his life was "total chaos," his days were "dark and dismal," he didn't "do anything," and he was "just withdrawn."  Tr. 44, 50. The ALJ noted, however, that Plaintiff also testified he spends 10 hours a week helping his mother by shopping and driving her to the store and appointments; tried to volunteer at a visitor's center; and obtained a driver's license, which, according to Plaintiff, was "a huge undertaking".  Tr. 49, 52-53.

The ALJ also noted Plaintiff's testimony conflicted

with the objective observations of treating and examining doctors. Tr. 24-28. For example, on June 13, 2013, Dr. Randolph, a treating physician, found Plaintiff appeared only "mildly depressed," demonstrated "good" judgment, and was "pleasant and cooperative." Tr. 25, 353-55. On February 14, 2014, Dr. McNamara, an examining psychologist, noted Plaintiff did not have any "restrictions on activities of daily living," was "using resources in social services and agencies" to meet his needs, and his symptoms were "adequately controlled for work at the [indicated] residual functional capacity." Tr. 25, 366-70.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's testimony based on inconsistencies between Plaintiff's daily activities and his alleged disabilities because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## III. The ALJ did not err in his evaluation of Dr. Tiwari's opinion.

Plaintiff contends the ALJ erred when he gave more weight to the medical opinions of state-agency consultants than to Dr. Tiwari, Plaintiff's treating physician.

The Commissioner, however, contends the ALJ properly evaluated Dr. Tiwari's opinion.

### A. Standards

The opinion of a treating physician is generally accorded greater weight than the opinion of an examining

physician, and the opinion of an examining physician is accorded greater weight than the opinion of a reviewing physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). To reject an uncontradicted opinion of a treating physician, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). To reject the a contradicted medical opinion, the ALJ must articulate "specific, legitimate reasons" that are based on substantial evidence in the record. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Sufficient reasons for rejecting an examining physician's opinion may include the physician's reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

Although a treating physician's opinion is generally afforded the greatest weight, it is not binding on an ALJ with respect to the existence of an impairment or the determination of disability. *Tonapetyan v. Halter*, 242 f.3d 1144, 1148 (9th Cir. 2001). "When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by the clinical findings." *Id.* at 1149. An ALJ may discount a doctor's

opinion to the extent that it is unreasonable based on other
evidence in the record and incompatible with a claimant's level
of activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d
595, 601-02 (9th Cir. 1999).

**B.  Analysis**

Dr. Tiwari diagnosed Plaintiff with severe recurrent
major depression, generalized anxiety disorder, cannabis
dependence, and alcohol abuse.  Tr. 513.  The ALJ generally
accepted Dr. Tiwari's opinion and found Plaintiff has the severe
impairments of depressive disorder, borderline personality
disorder, and bipolar affective disorder.  The ALJ also found
such impairments significantly limit Plaintiff's ability to
function.  Tr. 21.

Based on Plaintiff's mental impairments the ALJ found
Plaintiff has moderate restrictions as to activities of daily
living; marked difficulties with social functioning; and moderate
limitations in concentration, persistence, and pace.  Tr. 22-23.
Accordingly, the ALJ concluded Plaintiff is limited to performing
only occasional complex or detailed tasks; occasional changes in
work tasks and settings; and minimal verbal interaction with
coworkers, supervisors, and the public.  Tr. 23.  In contrast,
the ALJ gave only "some weight" to the opinions of the state-
agency examining and consulting physicians.  Tr. 27-28.  For
example, on April 24, 2013, Mark Mozer, Ph.D., a consulting

physician, concluded Plaintiff "was capable of substantial gainful activity, if motivated." Tr. 346. The ALJ gave Dr. Mozer's opinion only "some weight" and concluded Dr. Mozer's opinion was consistent with the ALJ's evaluation of Plaintiff's RFC. Tr. 27. On February 15, 2014, Kathleen M. McNamara, Ph.D., another examining physician, concluded Plaintiff can understand and carry out instructions, but he would have problems with coworkers and supervisors due to the nature of his personality disorder. Tr. 370. The ALJ also gave "some weight" to Dr. McNamara's opinion and concluded his evaluation of Plaintiff's RFC accommodated her concerns. Tr. 27-28.

On this record the Court concludes the ALJ did not err in his assessment of Dr. Tiwari's opinion because the ALJ included in his evaluation of Plaintiff's RFC the limitations that were identified in Dr. Tiwari's opinion.

## IV. The ALJ did not err when he relied on the testimony of the VE at Step Five.

Plaintiff contends the ALJ erred at Step Five when he adopted the opinion of the VE that Plaintiff could perform other occupations that Plaintiff contends he is restricted from doing because of his status as a registered sex offender.

The Commissioner, however, contends the ALJ did not err when he accepted the VE's conclusion that Plaintiff could perform the occupations of housekeeping cleaner, stores laborer, marker, and janitor. Moreover, the Commissioner asserts the ALJ is not

required to consider factors such as Plaintiff's status as a registered sex offender that could affect Plaintiff's ultimate employability.

**A.  Standards**

As noted, at Step Five the ALJ must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  The ALJ has the burden to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The ALJ may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the ALJ meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

**B.  Analysis**

As noted, the ALJ found Plaintiff has the RFC to perform a full range of work with certain nonexertional limitations.  Tr. 23.

Although a VE was present at the hearing, he did not testify.  After the hearing record was closed, the ALJ sent a Vocational Interrogatory Form to VE Lanelle Yamane.  In the Form the ALJ posed his hypothetical to the VE, which was consistent

with the ALJ's assessment of Plaintiff's RFC.  On June 24, 2015, the VE completed the Form in which the VE indicated Plaintiff could perform his 1999 job as a log peeler in addition to the occupations of housekeeping cleaner, stores laborer, marker, and janitor.  Tr. 295-99.

The ALJ concluded Plaintiff did not have any past relevant work, and, therefore, he did not adopt the VE's opinion that Plaintiff could perform the job of log peeler.  Tr. 28.  The ALJ, however, adopted the VE's opinion that Plaintiff could perform the other identified occupations.  Tr. 29.

As noted, at Step Five the ALJ carries the burden to establish Plaintiff can perform other work that exists in significant numbers in the national economy after "taking into consideration the claimant's residual function capacity, age, education, and work experience."  20 C.F.R. § 416.966©).  The regulations, however, do not take into consideration other factors that might affect Plaintiff's employability such as criminal history or sex-offender status:

> We will determine that you are not disabled if your
> residual functional capacity and vocational abilities
> make it possible for you to do work which exists in the
> national economy, but you remain unemployed because
> . . . (7) you would not actually be hired to do work
> you could otherwise do.

20 C.F.R. 416.966(c)(7).

On this record the Court concludes the ALJ did not err at Step Five when he relied on the VE's opinion, which was based

19 - OPINION AND ORDER

on the ALJ's hypothetical and included the limitations set out in
the ALJ's assessment of Plaintiff's RFC.

## V. "New evidence" submitted to the Appeals Council did not invalidate the ALJ's decision.

Plaintiff contends the Appeals Council erred when it failed
to remand this case to the ALJ for consideration of the new
evidence submitted after the ALJ's decision.

The Commissioner, in response, contends the evidence post-
dated the relevant period, and, therefore, the Appeals Council
did not err when it denied review of the ALJ's decision.

### A. Standards

20 C.F.R. § 416.14170(a)(5) provides the Appeals
Council must review a case if it receives additional evidence
that is "new, material, and relates to the period on or before
the date of the hearing decision."

### B. Analysis

The evidence that Plaintiff submitted to the Appeals
Council was a Mental Health Assessment from Jackson County Mental
Health dated September 2015, which was after the date of the
ALJ's decision. Tr. 2.[3] The Appeals Council noted the new
information "was about a later time" and "does not affect the
decision about whether [Plaintiff] was disabled on or before

---

[3] Although the Appeals Council's letter references this
report, the actual report is not a part of the Administrative
Record filed by the Commissioner.

August 7, 2015."  Tr. 2.

Accordingly, the Court concludes the evidence submitted by Plaintiff to the Appeals Council after the ALJ's decision is not relevant to this matter, and the Appeals Council's denial of review, therefore, is not appealable to this Court.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 6th day of March, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge